IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE LAMONT ROYAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALEXANDER IEROKOMOS,<br><br>　　　　Defendant. | No. 2:20-CV-00218-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint, ECF No. 15.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner incarcerated in Mule Creek State Prison ("MCSP").  ECF No. 15 at 1.  He alleges that Ierokomos, a surgeon at San Joaquin General Hospital ("SJGH"),[1] preformed a tonsillectomy, uvulectomy, and partial tongue recession on him.  Id. at 3.  He alleges that Ierokomos incorrectly completed the surgical procedures because he "did not possess the necessary skill/training for this type of surgery. . . which a professional should reasonably use in a given situation."  Id.  Another surgeon had to repair Ierokomos mistakes.  After the surgical procedures, Plaintiff was transferred to the intensive care unit, where a breathing tube and catheter were inserted.  Plaintiff suffered a permanent scar on right side of neck and has daily severe pain in his leg and neck.  Id.  He also needed a blood transfusion, became anemic, and suffered a deep vein thrombosis, which causes him pain to permanently use a walker and take additional medication.  Id.  Plaintiff also states he was unable to eat solid foods for over a month following the surgery which caused severe weight loss and anemia.  Id.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Plaintiff sufficiently alleges that Ierokomos is a contracted physician for MSCP and thus can be considered as a state actor.

## II. DISCUSSION

The Court finds that Plaintiff has not stated a viable Eighth Amendment claim against Ierokomos. Further, the Court finds that Plaintiff has not alleged any facts against any unnamed defendants.

To establish an Eighth Amendment claim based on medical treatment, an inmate must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). A plaintiff must show (1) an objective "serious medical need" by establishing that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'" and (2) that a defendant's response to the serious medical need was deliberately indifferent. Jett, 439 F.3d at 1096 (citation omitted); see Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). Deliberate indifference exists if a defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation and internal quotation marks omitted); see Colwell, 763 F.3d at 1066. A defendant must have been aware of facts from which they could draw the inference that a substantial risk of harm exists, and they must have also drawn the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Toguchi, 391 F.3d at 1057. The question of deliberate indifference focuses on what a defendant's state of mind actually was. Farmer, 511 U.S. at 834-39. A prison official must have had a "sufficiently culpable state of mind." Id. at 834. Deliberate indifference can be established by showing "(a) a purposeful act or failure to respond to a prisoner's pain or medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted); see Colwell, 763 F.3d at 1066; Wilhelm, 680 F.3d at 1122.

Knowingly providing subpar medical care and denial or delay of medical care may violate the Eighth Amendment. See Estelle, 429 U.S. at 104-05, 104 n.10; Colwell, 763 F.3d at 1066. But deliberate indifference is a high standard and requires more than an ordinary lack of care. See Colwell, 763 F.3d at 1066; Wilhelm, 680 F.3d at 1122; Toguchi, 391 F.3d at 1057,

3

1060.  Critically, negligent medical care alone is not a constitutional violation.  See Jett, 439 F.3d at 1096; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998); see also Farmer, 511 U.S. 825, 835-37; Estelle, 429 U.S. at 105-106.  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106.  A difference of opinion between an inmate and prison medical staff about the proper course of medical treatment is not deliberate indifference.  See, e.g., Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Nor does a dispute between an inmate and prison officials over the necessity or extent of medical treatment establish a constitutional violation.  See, e.g., Toguchi, 391 F.3d at 1058; Sanchez, 891 F.2d at 242.

      Plaintiff alleges that Ierkomos botched his surgical procedure.  Even assuming that allegation as true, Plaintiff has not alleged that Ierokomos was deliberately indifferent to his serious medical need.  As alleged, Plaintiff has merely expressed his disagreement with Ierokomos's skill and performance.  Plaintiff has not alleged any facts as to how the surgical procedure was completed incorrectly or that his injuries were caused by Ierokomos's actions.  As the complaint simply alleges a medical malpractice claim, it cannot state claim under the Eighth Amendment.  See Rojo v. Bonnheim, No. CV 09-2762-R (MLG), 2009 WL 1972068, at *3 (C.D. Cal. July 6, 2009) (finding that a botched surgical procedure is insufficient to support a claim of deliberate indifference).  However, the Court will grant Plaintiff one final leave to amend in order to clarify whether Ierokomos acted with deliberately indifferent.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply

///
///
///
///
///
///
///

5

with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's second amended complaint is dismissed with leave to amend; and

    2. Plaintiff may file a third amended complaint within 30 days of the date of service of this order.

Dated:  March 2, 2022

                _____
                 DENNIS M. COTA
                 UNITED STATES MAGISTRATE JUDGE