1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    FREDDIE LAMONT ROYAL                    No. 2:20-CV-00218-KJM-DMC-P

12              Plaintiff,

13         v.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14    ALEXANDER IEROKOMOS,

15              Defendant.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C.

18    § 1983.  Pending before the Court is Plaintiff's third amended complaint. ECF No. 17.[1]

19              The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

25    of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means

26

27              [1]    On March 3, 2022, the Court dismissed Plaintiff's second amended complaint with leave
      to amend a third amended complaint.  <u>See</u> ECF No. 16.  On April 4, 2022, Plaintiff filed a document
28    entitled "second amended complaint," which this Court construes as Plaintiff's third amended complaint.

1    that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172,

2    1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  Legally conclusory statements, not

3    supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct.

4    1937, 1949-50 (2009).  A complaint must contain more than "a formulaic recitation of the

5    elements of a cause of action," it must contain factual allegations sufficient "to raise a right to

6    relief above the speculative level."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555-56 (2007).

7    These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim

8    and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

9    Plaintiff must allege with at least some degree of particularity overt acts by specific defendants

10   which support the claims, so vague and conclusory allegations fail to satisfy this standard.

11

12                                   **I. PLAINTIFF'S ALLEGATIONS**

13            Plaintiff is currently a prisoner incarcerated in Robert J. Donovan State Prison

14   ("RDSP") but was incarcerated at Mule Creek State Prison ("MCSP") at the time of the alleged

15   events. ECF Nos. 16, 17, pg. 1.  Plaintiff names a single defendant, Dr. Alexander Ierokomos, a

16   medical surgeon at San Joaquin General Hospital ("SJGH"). See id. at 2.  Plaintiff generally

17   contends that Defendant was grossly negligent in the performance of a surgical procedure on

18   Plaintiff and provided inadequate medical care, which constitutes cruel and unusual punishment

19   in violation of the Eighth Amendment. See id. at 2-3.

20            Plaintiff asserts that Defendant's "less [efficacious] course of treatment" and

21   refusal to provide "essential" medical care "as was prescribed by previous medical reports"

22   caused Plaintiff unnecessary and wanton infliction of pain.  Id.  Plaintiff claims that due to

23   Defendant's actions and omissions, serious medical complications resulted, which prevented

24   adequate post-surgical care, and inhibited care to appropriately correct the injuries.  See id., pgs.

25   5-6.  After the surgical procedures, Plaintiff was transferred to the intensive care unit, where a

26   breathing tube and catheter were inserted.  See id., pgs. 4-6.  Plaintiff suffered a permanent scar

27   on right side of neck and has daily severe pain in his leg and neck.  Id.  He also needed a blood

28   transfusion, became anemic, and suffered a deep vein thrombosis, which causes him pain, to

                                                    2

1  permanently use a walker and necessitates additional medication. Id. Plaintiff also states he was

2  unable to eat solid foods for over a month following the surgery which caused severe weight loss

3  and anemia. Id.  Plaintiff seeks compensatory damages against Defendant in the amount of

4  $700,000 and punitive damages in the amount of $1,000,000.

5

6                                          **II. DISCUSSION**

7             The Court previously found Plaintiff sufficiently alleged that Defendant was a

8  contracted physician for MSCP and thus could be considered a state actor. See ECF No. 16, pg. 2.

9  The Court will not repeat that analysis here.  However, the Court continues to find that Plaintiff

10  fails to state a viable Eighth Amendment claim against Defendant.

11             To establish an Eighth Amendment claim based on medical treatment, an inmate

12  must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104

13  (1976); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744

14  (9th Cir. 2002). A plaintiff must show (1) an objective "serious medical need" by establishing that

15  "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary

16  and wanton infliction of pain'" and (2) that a defendant's response to the serious medical need

17  was deliberately indifferent.  Jett, 439 F.3d at 1096 (citation omitted); see Colwell v. Bannister,

18  763 F.3d 1060, 1066 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

19             Deliberate indifference exists if a defendant subjectively "knows of and disregards

20  an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.

21  2004) (citation and internal quotation marks omitted); see Colwell, 763 F.3d at 1066. A defendant

22  must have been aware of facts from which they could draw the inference that a substantial risk of

23  harm exists, and they must have also drawn the inference. Farmer v. Brennan, 511 U.S. 825, 837

24  (1994); Toguchi, 391 F.3d at 1057. The question of deliberate indifference focuses on what

25  actually was  defendant's state of mind. Farmer, 511 U.S. at 834-39. A prison official must have

26  had a "sufficiently culpable state of mind." Id. at 834. Deliberate indifference can be established

27  by showing "(a) a purposeful act or failure to respond to a prisoner's pain or medical need and

28  (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted); see Colwell, 763

1   F.3d at 1066; Wilhelm, 680 F.3d at 1122.

2          Knowingly providing subpar medical care and denial or delay of medical care

3   may violate the Eighth Amendment. See Estelle, 429 U.S. at 104-05, 104 n.10; Colwell, 763 F.3d

4   at 1066. But deliberate indifference is a high standard and requires more than an ordinary lack of

5   care. See Colwell, 763 F.3d at 1066; Wilhelm, 680 F.3d at 1122; Toguchi, 391 F.3d at 1057,

6   1060.  Critically, negligent medical care alone is not a constitutional violation. See Jett, 439 F.3d

7   at 1096; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998); see also Farmer, 511 U.S. 825,

8   835–37; Estelle, 429 U.S. at 105-106. "Medical malpractice does not become a constitutional

9   violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

10          A difference of opinion between an inmate and prison medical staff about the

11   proper course of medical treatment is not deliberate indifference. See, e.g., Toguchi, 391 F.3d at

12   1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Nor does a dispute between an inmate

13   and prison officials over the necessity or extent of medical treatment establish a constitutional

14   violation. See, e.g., Toguchi, 391 F.3d at 1058; Sanchez, 891 F.2d at 242. To establish that a

15   difference of opinion rose to the level of deliberate indifference, an inmate must show the course

16   of treatment the doctor chose was "medically unacceptable under the circumstances." Toguchi,

17   391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see Colwell, 763 F.3d

18   at 1068. Inmates must also show the doctor chose a course of treatment in conscious disregard of

19   an excessive risk to the inmate's health. See Toguchi, 391 F.3d at 1058; Jackson, 90 F.3d at 332.

20          The Court construes Plaintiff's complaint as sufficiently alleging a serious medical

21   need—namely, the underlying conditions for which he went into surgery and the complication he

22   suffered as a result of surgery. See ECF No. 17, pg. 3.  However, Plaintiff only contends that

23   Defendant was negligent and that his subpar provision of care caused Plaintiff the "unnecessary

24   and wanton infliction of pain." Id. at 4.  Whatever Defendant's surgical errors may have been, as

25   currently alleged, they do not constitute deliberate indifference.

26   / / /

27   / / /

28   / / /

4

Plaintiff's assertions that Defendant provided inadequate medical care and performed the procedure "inappropriately" as it resulted in a less efficacious course of treatment does not constitute maltreatment in violation of the Eighth Amendment, notwithstanding Plaintiff's opinion to the contrary.  Id.  Plaintiff's general statements that Defendant failed to provide adequate medical care because of the surgical performance, his misuse of medical instruments, and that medical treatment was not administered as was prescribed by previous medical reports assert only conclusions, not facts.  Formulaic recitations of the elements of a cause of action are not enough; Plaintiff must assert factual allegations sufficient to substantiate a claim.  Plaintiff has not alleged any facts here as to how the surgical procedure was completed incorrectly or that his injuries were caused by Defendant's improper actions. At best, Plaintiff's contentions frame a claim for negligence.  In sum, Plaintiff provides no facts to substantiate a finding that Defendant knew his actions were improper but taken nonetheless, despite a known and excessive risk to Plaintiff.  While it is possible that Defendant's performance may have caused Plaintiff significant pain and other health complications, without more, negligence in the provision of medical care does not violate the Eighth Amendment.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1 | ///

2 | ### III. CONCLUSION

3 |    Despite the Court advising Plaintiff of the pleading defects of his prior complaints,

4 | providing him with the appropriate legal standards for pleading a claim, and three opportunities to

5 | do so, Plaintiff does not correct those defects here.  <u>See</u> ECF Nos. 9, 11, 16.  Given Plaintiff's

6 | failure to cure the defects in his third amended complaint, the Court finds further leave to amend

7 | is not warranted and recommends this action be dismissed in its entirety with prejudice for failure

8 | to state a claim.

9 |    These findings and recommendations are submitted to the United States District

10 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

11 | after being served with these findings and recommendations, any party may file written objections

12 | with the Court.  Responses to objections shall be filed within 14 days after service of objections.

13 | Failure to file objections within the specified time may waive the right to appeal.  <u>See</u> <u>Martinez v.</u>

14 | <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15 |

16 | Dated:  December 29, 2022

17 |

18 | DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6